### STATE v. WAY.

1. MOTION ON CIRCUIT PENDING APPEAL.—After conviction of murder and sentence of death affirmed on appeal, the Circuit Judge held that he had no power to consider a motion for new trial on the ground of after-discovered evidence, and, pending an appeal from this determination, a motion was made and granted, suspending this latter appeal, with leave to defendant to renew his motion for new trial in the Circuit Court. *Held*, that the Circuit Court, after such leave granted, had jurisdiction to consider the motion for new trial, hear the testimony offered, and decide the question.

Before WITHERSPOON, J., Orangeburg, May, 1894.

This was an appeal by the State from the ruling of the Circuit Judge, that he had jurisdiction to hear and determine a motion made by Jeff. M. Way, defendant, for new trial on the ground of after discovered evidence, under leave granted to the

Circuit Court to hear such motion pending an appeal, which had been suspended for that purpose.

*Mr. Jervey,* solicitor, for appellant.

*Mr. S. G. Mayfield,* contra.

January 18, 1895.   The following judgment was rendered

PER CURIAM.   Upon the hearing of this appeal, this court is satisfied that the Circuit Judge, in his order appealed from, of May term, 1894, in said county, properly construed the order of this court herein, dated the 2d day of January, 1894; and did not err in holding that it was his duty thereunder to hear the motion made by the defendant for a new trial,' on the ground of after-discovered testimony.   The reasons for this conclusion will be set forth in the opinion of this court hereinafter to be filed.   It is, therefore, on motion of respondent's attorney, ordered and adjudged, that this appeal be dismissed, and the case be remitted to the Circuit Court, for the purpose of its hearing such motion for a new trial, on the ground of after-discovered testimony, according to said order of this court; and that the clerk of this court do forthwith send down to the court below a copy of this order, duly certified.

Thereafter, on March 23, 1895, the opinion of the court was delivered by

MR. JUSTICE GARY.   The defendant having been convicted of murder and sentenced to death, an appeal was taken to the Supreme Court, which court, after argument, sent down the following remittitur: "It is adjudged by the court, that the judgment of the Circuit Court be affirmed, and that the case be remanded to the Circuit Court for Orangeburg County, for the purpose of having a new day assigned for the execution of the sentence heretofore imposed."   In accordance with which, at the May term, 1893, the mandate of the Supreme Court was carried out and a new day assigned for execution.

Thereafter, to wit: at the September term of the Court of General Sessions for Orangeburg County, the defendant, through his counsel, moved for a new trial, on the ground of

after-discovered evidence; whereupon his honor, Judge Norton, after reciting the previous history of the case, ordered and adjudged as follows: "After argument by counsel as to my jurisdiction to hear the motion, I decline to hear the motion, for the reason that the Circuit Court has no jurisdiction to hear a motion for a new trial on the ground of after-discovered evi dence after an appeal to the Supreme Court, and an affirmance of the judgment appealed from, and the case has been remanded for the purpose of assigning a new day for the execution of the sentence, and such new day has been assigned by the Circuit Court. My reasons for refusing to hear the motion in the case at bar, are the same assigned by me in the case of *State* v. *Turner* (39 S. C., 420), recently heard by me on a similar motion, and which has recently been passed upon and sustained by the Supreme Court. I am unable to distinguish between the present case and the case of the *State* v. *Turner* above referred to, in so far as the motion for a new trial is concerned, and upon the authority of that case, I decline to hear the motion, as from my view I have no jurisdiction."

An appeal having been taken from this order by the defendant, it came up to be heard by the Supreme Court, at the November term, 1893, whereupon a motion was made by the appellant, that the appeal be suspended, and that the defendant have leave to apply to the Circuit Court for a new trial, on the ground of after-discovered evidence. Chief Justice McIver, delivering the opinion of the court (40 S. C., 297), said: "But as the Supreme Court has not been invested with power to determine questions of fact, except in a class of cases to which the present case does not belong, and as the determination of a motion for a new trial on the ground of after-discovered evidence necessarily involves the determination of questions of fact, though questions of law, also, may sometimes be involved, it is very obvious that this court has no power to decide such a motion. And as the Circuit Court cannot exercise any jurisdiction in a case while an appeal is pending, the practice has been adopted, from the necessity of the case, of suspending the appeal, for the purpose of enabling the moving party to apply to the Circuit Court, a tribunal which is invested with the

power to determine questions of fact, for a new trial upon the ground of after-discovered evidence, provided a proper showing is made to this court for that purpose. The only inquiry for this court is, whether the appellant has made a *prima facie* showing, leaving it entirely for the Circuit Court to determine whether the showing made is *sufficient,* uninfluenced by the fact that this court has determined that a *prima facie* showing has been made here, for such *prima facie* showing may be rebutted or overthrown by the showing before the Circuit Court. * * * It is, therefore, ordered, that the appellant have leave to apply to the Circuit Court for a new trial, upon the ground of after-discovered evidence, and that the result of such motion be certified to this court by the Circuit Judge before whom the motion is made, and for this purpose that the present appeal be suspended until the coming in of such certificate."

In accordance with this mandate, at the May term, 1894, of the Court of General Sessions, the defendant did apply to the said court for a new trial, on the ground set forth beiore the Supreme Court. Whereupon, objection being made by the solicitor, on the several grounds set forth in the exceptions, to the jurisdiction of the Circuit Court to entertain such motion, his honor, Judge Witherspoon, after argument, ordered and adjudged as follows: "This case came before me on a motion by the defendant for a new trial on after-discovered evidence. The solicitor, on behalf of the State, objected to the hearing of the motion, on the ground that this court had no jurisdiction to hear such motion. After due consideration of the remittitur herein, and the order of the Supreme Court suspending the appeal and granting the defendant leave to apply to the Circuit Court for a new trial, upon the ground of after-discovered evidence, and, after argument of counsel, I feel constrained to hold, that it is the duty of this court to entertain the motion." The solicitor havlng excepted, and given notice of appeal in open court, the presiding judge ordered, that further proceedings in the Circuit Court be stayed until the determination of the appeal upon this question. The solicitor appealed upon eight exceptions, which raised practically but the single ques-

tion: Did the Circuit Judge correctly construe the order of the Supreme Court?

It was the object of the Supreme Court, in suspending the hearing of the appeal and granting the defendant leave to make a motion in the Circuit Court for a new trial on the ground of after-discovered evidence, that the Circuit Court, on such motion being made, should hear the testimony offered, decide said motion on its merits, and certify the result to this court. The Circuit Judge was correct in his construction of said rule, and the exceptions are overruled.

The order in accordance with these views has already been filed.